UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIESER LUMPUY d/b/a
3LM Motorsports,

        Plaintiff,

v.                                    Case No.  8:11-cv-2455-T-24 MAP

SCOTTSDALE INSURANCE
COMPANY,

        Defendant.

_____/

## ORDER

    This cause comes before the Court on two motions: Defendant's Motion to Strike (Doc. No. 4) and Defendant's Motion to Stay or Abate Litigation Pending Completion of a Neutral Evaluation (Doc. No. 3).  As explained below, both motions are granted.

## I.  Background

    Plaintiff filed suit against Defendant in which Plaintiff alleges that it owns real property that is covered by an insurance policy issued by Defendant.  Plaintiff contends that the property sustained sinkhole damage, and Plaintiff made a claim under the insurance policy, which Defendant refused to pay.  As such, Plaintiff asserts a breach of contract claim against Defendant.

## II.  Motion to Strike

    Throughout the complaint, Plaintiff makes several references to Chapter 627 of the Florida Statutes.  In its motion to strike, Defendant contends that since it is a surplus lines carrier, Florida Statute § 626.913 makes Chapter 627 of the Florida Statutes inapplicable to it.

Therefore, Defendant moves the Court to strike all references to Chapter 627 of the Florida Statutes in the complaint.

Plaintiff did not file a timely response to the motion to strike.  As a result, the Court issued an order to show cause regarding Plaintiff's failure to respond to the motion, and Plaintiff responded to the Court's order that: (1) Defendant has not provided any evidence that it is, in fact, a surplus line carrier; and (2) Defendant's two motions are based on conflicting theories–(a) that it is a surplus lines carrier, so all references to Chapter 627 of the Florida Statutes should be stricken, but (b) the Court should stay the case pending neutral evaluation pursuant to Chapter 627 of the Florida Statutes.  (Doc. No. 10).  Therefore, Plaintiff states that one motion must be denied, and it does not have a preference as to which motion is denied.  (Doc. No. 10).

Defendant filed an unauthorized reply to Plaintiff's response to the Court's order, in which Defendant stated that it is listed on the Florida Surplus Lines Service's website.[1]  (Doc. No. 11).  A review of that website shows that Defendant is listed there.

Accordingly, since Plaintiff has not proffered a meaningful dispute as to this issue, the Court concludes that Defendant has shown that it is a surplus lines carrier.  As such, pursuant to Florida Statute § 626.913, Chapter 627 of the Florida Statutes is inapplicable to Defendant. Therefore, the Court grants Defendant's motion to strike the references to Chapter 627 of the Florida Statutes from the complaint.

**III.  Motion to Stay or Abate Pending Neutral Evaluation**

In its other motion, Defendant contends that the Court should stay or abate this case

---

[1]The Florida Surplus Lines Service Office website can be accessed at: http://www.fslso.com/tools/insurer.aspx.

pending the completion of neutral evaluation.  Plaintiff responds that this motion conflicts with

the motion to strike, because Defendant is attempting to invoke the neutral evaluation process set

forth in Florida Statute § 627.7074, despite the fact that Defendant argued that Chapter 627 of

the Florida Statutes does not apply to it.

The flaw in Plaintiff's argument, however, is that the policy at issue contains a provision

that when there is sinkhole damage and Defendant denies the insurance claim, either party has

the right to invoke the neutral evaluation program administered by the Florida Department of

Financial Services.  (Doc. No. 2-1, p. 46 of 66).  Because the insurance policy requires the same

neutral evaluation process as set forth in Florida Statute § 627.7074, it does not matter that

Florida Statute § 627.7074 would not otherwise apply to Defendant (because Defendant is a

surplus lines carrier).  As such, the Court finds that Defendant's motion to stay or abate this case

pending the completion of neutral evaluation must be granted.

## IV.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1)     Defendant's Motion to Strike (Doc. No. 4) is **GRANTED**, and all references in

the complaint to Chapter 627 of the Florida Statutes are hereby stricken.

(2)     Defendant's Motion to Stay or Abate Litigation Pending Completion of a Neutral

Evaluation (Doc. No. 3) is **GRANTED**.

(3)     The Clerk is directed to **ADMINISTRATIVELY CLOSE** this case pending the

completion of the neutral evaluation process.  Plaintiff is directed to file a notice

informing the Court of the conclusion of the neutral evaluation process within 14

days after its completion.

3

**DONE AND ORDERED** at Tampa, Florida, this 30th day of November, 2011.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

4