UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIESER LUMPUY d/b/a
3LM Motorsports,

    Plaintiff,

v.                                                Case No. 8:11-cv-2455-T-24 MAP

SCOTTSDALE INSURANCE
COMPANY,

    Defendant.
_____/

**ORDER**

This cause comes before the Court on Defendant's Motion for Reconsideration of the Court's Order Denying Defendant Summary Judgment. (Doc. No. 57). Plaintiff opposes the motion. (Doc. No. 61). As explained below, the motion is denied.

**I. Background**

Plaintiff Elieser Lumpuy owns commercial property that was insured by Defendant Scottsdale Insurance Company. The insurance policy provided $150,000 in sinkhole coverage. Defendant moved for summary judgment, because Plaintiff had not entered into a contract to complete the subsurface repairs in accordance with the recommendations of an engineer selected or approved by Defendant and because no such repairs had begun.

In concluding that genuine issues of material fact existed that preclude summary judgment for Defendant, the Court noted that Plaintiff had submitted evidence that he had executed a subsurface repair contract with Champion (based on FTE's repair recommendation), which was contingent on Defendant's approval. Furthermore, the Court noted that Plaintiff had

shown that Defendant chose to accept Miller's repair recommendation over FTE's repair recommendation, and as such, Defendant had not approved the Champion repair contract. Finally, the Court noted that Plaintiff had submitted evidence that FTE's repair recommendation was superior to Miller's repair recommendation. Therefore, the Court concluded that the issue of whether FTE's repair recommendation was superior to Miller's repair recommendation is a question of fact for the jury to decide. Additionally, the Court concluded that the issues of whether Defendant acted in good faith in failing to approve of FTE as the engineer, as well as whether Defendant acted in good faith in failing to approve the Champion contract based on FTE's repair recommendation, are questions of fact for the jury to decide.

## II.  Motion for Reconsideration

In the instant motion, Defendant moves this Court to reconsider its order denying Defendant's motion for summary judgment. There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice. Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994)(citations omitted). The Court notes that reconsideration of a previous order is an extraordinary remedy to be employed sparingly. See id. (citations omitted).

Defendant argues that its motion is based on Federal Rule of Civil Procedure 60(a). Rule 60(a) provides that "[t]he court may correct a . . . mistake arising from oversight or omission whenever one is found." However, upon review of Defendant's motion, the Court finds that it should be denied, as Defendant is merely attempting to refute the basis for the Court's earlier decision.

Specifically, Defendant argues that the Florida Supreme Court's decision in QBE Insurance Corp. v. Chalfonte Condominium Association, Inc., 94 So. 3d 541 (Fla. 2012), dictates that summary judgment for Defendant is warranted.  Defendant's reliance on QBE, however, is misplaced.

In QBE, the relevant issue before the court was whether Florida law recognizes a claim for breach of the implied warranty of good faith and fair dealing based on an insurer's failure to investigate and assess the insured's claim within a reasonable period of time.  See id at 545.  The QBE court concluded that such a claim does not exist, and instead, the proper claim to assert is a statutory bad faith claim.  See id. at 549.

In the instant case, Plaintiff asserts a breach of contract claim based on two things: (1) Defendant's failure to tender the policy limits, even after the neutral evaluator estimated the repair costs to exceed the $150,000 policy limit; and (2) Defendant's failure to approve the Champion contract.  Plaintiff does not assert a claim for breach of the implied warranty of good faith and fair dealing, and as such, the QBE decision does not control this issue.

Furthermore, in order to determine whether Defendant breached the insurance policy, the jury will have to determine: (1) whether FTE's repair recommendation was superior to Miller's repair recommendation; (2) whether Defendant acted in good faith, or whether it acted unreasonably, when it failed to approve of FTE as the engineer; and (3) whether Defendant acted in good faith, or whether it acted unreasonably, when it failed to approve the Champion contract based on FTE's repair recommendation.  If the jury concludes that (1) FTE's repair recommendation was superior to Miller's repair recommendation; (2) Defendant acted unreasonably when it failed to approve of FTE as the engineer; and (3) Defendant acted

unreasonably when it failed to approve the Champion contract based on FTE's repair recommendation, then the jury could find that Defendant breached the insurance policy by failing to tender the remaining policy limit for Plaintiff's sinkhole claim.

The Court notes that there is language is QBE that, at first blush, appears to support Defendant's position that whether Defendant acted in good faith is not a consideration when determining whether an insurer breached an insurance policy by denying coverage. Specifically, the QBE court stated:

> The covenant [of good faith and fair dealing] is intended to protect "the reasonable expectations of the contracting parties in light of their express agreement." However, this Court has specifically declined to adopt the doctrine of reasonable expectations in the context of insurance contracts, concluding that construing insurance policies under this doctrine "can only lead to uncertainty and unnecessary litigation."

Id. at 549 (internal citations omitted). However, in stating that the court had specifically declined to adopt the doctrine of reasonable expectations in the context of insurance contracts, the QBE court cited to its prior decision in Deni Associates of Florida, Inc. v. State Farm Fire & Casualty Insurance Company, 711 So. 2d 1135 (Fla. 1998). In determining the meaning of a pollution exclusion clause, the Deni court stated:

> We decline to adopt the doctrine of reasonable expectations. There is no need for it if the policy provisions are ambiguous because in Florida ambiguities are construed against the insurer. To apply the doctrine to an unambiguous provision would be to rewrite the contract and the basis upon which the premiums are charged.

Id. at 1140.

In the instant case, there is no need to construe a policy provision. Instead, the jury will be asked to determine whether there was a basis for Defendant to deny payment of Plaintiff's claim, and as such, whether Defendant's denial amount to a breach of the insurance policy.

### III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that  Defendant's Motion for Reconsideration (Doc. No. 57) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 4th day of April, 2013.

Copies to:

Counsel of Record

SUSAN C. BUCKLEW
United States District Judge