UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIESER LUMPUY d/b/a
3LM Motorsports,

       Plaintiff,

v.                                                Case No. 8:11-cv-2455-T-24 MAP

SCOTTSDALE INSURANCE
COMPANY,

       Defendant.
_____/

**ORDER**

This cause comes before the Court on the parties' motions in limine (Doc. No. 69-76) and the responses thereto (Doc. No. 81-87, 90). The Court will address each motion in turn.

**I. Background**

Plaintiff Elieser Lumpuy owns commercial property that was insured by Defendant Scottsdale Insurance Company. The insurance policy provided $150,000 in sinkhole coverage. Plaintiff's property suffered sinkhole damage, and Plaintiff made a claim under the insurance policy. Defendant agreed to accept the repair recommendation of Miller and did not accept the repair recommendation of FTE or Champion's proposed contract based on FTE's repair recommendation. As a result, Defendant has refused to pay for foundation repair costs, because Plaintiff has not entered into a contract to complete the subsurface repairs in accordance with the recommendations of an engineer selected or approved by Defendant and because no such repairs had begun.

**II. Plaintiff's Motion in Limine Regarding the Champion Contract (Doc. No. 69, 90)**

When ruling on the parties' motions for summary judgment, the Court noted that Plaintiff

had submitted evidence that he had executed a subsurface repair contract with Champion that was contingent on Defendant's approval and that Defendant had not given its approval. (Doc. No. 56). Additionally, the Court concluded that the issue of whether Defendant acted in good faith in failing to approve the Champion contract was a question of fact for the jury to decide. (Doc. No. 56).

Plaintiff filed a motion in limine, in which Plaintiff requests that the Court prohibit Defendant from presenting any evidence, or making any arguments or statements, that the document prepared by Champion is not a contract and/or is not an enforceable contract. Defendant opposes the motion, arguing that the document was merely a proposal that never became an enforceable contract.

Upon consideration, the Court denies Plaintiff's motion. The Champion document was an offer to enter into an enforceable contract based on the terms contained therein. (Doc. No. 49-2). The terms included: (1) acceptance by Plaintiff and (2) approval/authorization by Defendant. (Doc. No. 49-2, p. 14). While Plaintiff accepted the proposed contract, it is undisputed that Defendant did not approve/authorize the proposed contract, and as a result, an enforceable contract does not exist. However, whether Defendant acted in good faith in failing to approve the Champion contract is a question of fact for the jury to decide.

**III. Defendant's Motion to Exclude Attorneys' Fees Prior to January 11, 2013 (Doc. No. 76, 87)**

In Plaintiff's initial complaint, Plaintiff made a specific request for attorneys' fees pursuant to Florida Statute § 627.428. Defendant filed a motion to strike all references to Chapter 627 of the Florida Statutes from Plaintiff's complaint, which the Court granted. (Doc. No. 4, 12). When Plaintiff filed an amended complaint on January 11, 2013, Plaintiff re-asserted

his request for attorneys' fees and identified Florida Statute § 626.9373 as the basis for the request. (Doc. No. 49).

Defendant now moves the Court to make a finding that if Plaintiff prevails in the underlying litigation, Plaintiff cannot recover any attorneys' fees incurred prior to January 11, 2013—the date on which Plaintiff made the specific demand pursuant to § 626.9373 in his amended complaint. Plaintiff responds that the Court only struck the references to Chapter 627 of the Florida Statutes from Plaintiff's complaint; the Court did not strike Plaintiff's request for attorneys' fees. Given that Plaintiff's request for attorneys' fees remained in the original complaint and was reasserted in the amended complaint, the Court denies Defendant's motion to exclude Plaintiff's attorneys' fees incurred prior to January 11, 2013 if Plaintiff prevails in this case. See Caulfield v. Cantele, 837 So. 2d 371, 378 (Fla 2002)(stating that the specific statutory basis for a claim for attorneys' fees need not be specifically pled).

## IV. Defendant's First Motion in Limine Regarding Neighboring Properties (Doc. No. 75, 81)

Defendant moves to exclude all evidence and statements regarding conditions of other properties near Plaintiff's property, including any reports, findings, insurance claims, adjustments, monetary settlements, and geophysical data. Defendant argues that such is irrelevant, unduly prejudicial, and inadmissible hearsay.

Plaintiff responds that in developing a repair plan for his property, experts relied on their experience and considered conditions at neighboring properties and industry standards. Thus, Plaintiff argues that information regarding neighboring properties that the experts relied on is relevant to the issue of whether FTE's repair plan was superior to Miller's repair plan.

Furthermore, the ability of experts to rely on inadmissable hearsay is controlled by

3

Federal Rule of Evidence 703, which provides the following:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect.

F.R.E. 703.

  The Court is persuaded by Plaintiff's arguments. The Court finds that the conditions of neighboring properties could be relevant to the evaluation of the repair recommendations by FTE and Miller. Furthermore, if evidence regarding the conditions of neighboring properties is evidence that experts in the particular field would reasonably rely on, then the fact that such relied on evidence is hearsay does not matter. Whether Plaintiff can disclose such hearsay evidence to the jury depends on whether the probative value of such evidence in helping the jury evaluate the expert's opinion substantially outweighs the prejudicial effect. The Court cannot make a determination regarding whether such evidence can be disclosed to the jury without knowing what the specific evidence is. Without knowing more, it would appear to the Court that insurance claims and monetary settlements regarding neighboring properties should not be disclosed to the jury, despite the fact that such information could be relied on by the experts.

  Accordingly, Defendant's motion in limine on this issue is granted in part and denied without prejudice in part. To the extent that Plaintiff seeks to have an expert disclose the basis for his opinion relating to conditions of neighboring properties, the Court will have to rule on such matters at the time of trial. However, beyond the experts explaining the basis of their

opinions, Plaintiff cannot seek to introduce evidence of the conditions of neighboring properties during the trial.

**V. Defendant's Second Motion in Limine Regarding Claims Handling (Doc. No. 74, 82)**

Defendant filed a motion in limine to exclude all evidence or statements regarding its claims handling practices and procedures, arguing that such is irrelevant and unfairly prejudicial. The Court agrees.

Evidence regarding Defendant's claims handling practices and procedures is irrelevant to the issues in this case—whether Defendant unreasonably failed to approve of FTE's repair method and whether Defendant unreasonable failed to approve of Champion's proposed contract. Therefore, evidence relating to Defendant's general claims handling practices and procedures is not relevant to this breach of contract action. Instead, such would be relevant to a bad faith claim, but as previously stated, Plaintiff is asserting a breach of contract claim.

While Plaintiff is attempting to argue that his claim is a mixture of a breach of contract claim and a bad faith claim, the Court rejects Plaintiff's attempts. While the Court will allow Plaintiff to attempt to prove that Defendant acted unreasonably in failing to approve of FTE's repair method and failing to approve of Champion's proposed contract, such does not require evidence of Defendant's claims handling practices and procedures. Instead, the relevant inquiry focuses on whether FTE's repair recommendation was superior to Miller's repair recommendation, such that Defendant's failure to approve of FTE's repair recommendation and of Champion's proposed contract amounted to a breach of the insurance policy. Accordingly, the Court grants Defendant's motion in limine on this issue.

**VI.  Defendant's Third Motion in Limine Regarding a Judgment for Damages (Doc. No. 73, 83)**

Defendant filed a motion in limine to prevent evidence regarding the cost of the proposed remediation plans and to prevent a money judgment from being entered in this case if Plaintiff prevails at trial.  Specifically, Defendant contends that the sole issue for the jury to determine is the appropriate subsurface repair method to stabilize the foundation of the property.  Thus, argues Defendant, if Plaintiff prevails in convincing the jury that FTE's repair recommendation (which is the basis for Champion's proposed contract) was superior to Miller's repair recommendation, then Defendant would still only be obligated to pay for repairs done by Champion after Plaintiff enters into an enforceable contract with Champion.  Furthermore, Defendant argues that because both Miller and Champion provided *estimated* costs for the repairs due to the fact that they could not ascertain the exact quantities of materials necessary for the repairs, Defendant contends that any monetary quantification of damages would be speculative, confusing to the jury, and unduly prejudicial.

Plaintiff responds that he has asserted a breach of contract claim for which he is seeking money damages.  Therefore, if he prevails in convincing the jury that FTE's repair recommendation was superior to Miller's repair recommendation, Plaintiff argues that he is entitled to a money judgment in the amount of his damages based on the cost of the necessary repairs.

Upon consideration, the Court agrees with Plaintiff that if he prevails in convincing the jury that FTE's repair recommendation was superior to Miller's repair recommendation, and thus Defendant unreasonably withheld its approval of FTE and Champion's proposed contract, he would be entitled to a money judgment.  Such a finding by the jury would mean that when

Plaintiff presented the Champion proposed contract to Defendant, Plaintiff had complied with the policy's conditions and was entitled to have the repairs paid for, up to the policy limit. The Court rejects Defendant's argument that any monetary quantification of damages would be speculative, confusing to the jury, and unduly prejudicial. Accordingly, the Court denies this motion in limine.

**VII. Defendant's Fourth Motion in Limine Regarding Anticipated Damages (Doc. No. 72, 84)**

Defendant filed a motion in limine to exclude all evidence and statements regarding the cost of repairing damage that has not yet occurred, such as cosmetic damage that may result from the subsurface repairs. Defendant argues that such is irrelevant, unfairly prejudicial, and would confuse the jury. The Court rejects this argument.

The insurance policy provides that until Plaintiff enters into a contract for the performance of building stabilization or foundation repairs, the payment for sinkhole damage "may be limited to the actual cash value of the loss to such property." (Doc. No. 49-1, p. 46). If Plaintiff prevails in convincing the jury that he had entered into a contract with Champion for foundation repairs that was not enforceable because Defendant unreasonably withheld its approval of FTE's repair method and of Champion's proposed contract, then Plaintiff would be entitled to show the entire amount of the sinkhole damage to his property, including anticipated damages resulting from the foundation repair. Plaintiff's evidence of anticipated damages cannot be based on mere speculation; however, if Plaintiff presents evidence that shows anticipated damages with reasonable certainty, the jury may consider such damages. See Schonfeld v. Albert Alpert & Sons, Ltd., 427 So. 2d 1035, 1036 (Fla. 3d DCA 1983)(stating that anticipated damages must be shown with reasonable certainty).

The Court rejects Defendant's argument that evidence of anticipated damages is irrelevant, unfairly prejudicial, and would confuse the jury. Accordingly, the Court denies this motion in limine.

## VIII. Defendant's Fifth Motion in Limine Regarding Good Faith (Doc. No. 71, 85)

Defendant filed a motion in limine to exclude all statements and evidence relating to its claims practices and procedures, as well as its alleged duty to act in good faith. Defendant argues that such is irrelevant to the central issue in this case—the determination of the appropriate subsurface repair method to stabilize the foundation of the property. Furthermore, Defendant argues that such statements and evidence would be unduly prejudicial by confusing the jury as to the real issue in this case.

Defendant's argument is based on the correct premise that a bad faith claim cannot be asserted until after there has been a determination regarding liability and the extent of damages in a breach of insurance contract claim. However, Defendant misapplies this argument to the facts of this case to create a circular outcome—a determination regarding whether Defendant breached the insurance contract (and thus, a determination regarding liability and the extent of damages) cannot be determined without considering whether Defendant acted unreasonably. Stated differently, if Defendant acted unreasonably by failing to approve of FTE and failing to approve of Champion's proposed contract, the jury can conclude that Defendant breached the insurance contract and award Plaintiff damages due under the contract. Plaintiff is not asserting a bad faith claim; however, Defendant's conduct is relevant to the determination of whether Defendant breached the insurance contract by failing to approve of FTE and of Champion's proposed contract. If Defendant's conduct is not considered, then it could unreasonably

withhold its approval of a subsurface repair contract without any consequences for its unreasonable actions.

Upon consideration, the Court agrees with Defendant that evidence or statements regarding a potential bad faith claim is not relevant, nor is evidence relating to Defendant's claim handling practices and procedures relevant. Therefore, to this extent, the motion in limine is granted.

However, the Court agrees with Plaintiff that consideration of the reasonableness of Defendant's conduct in failing to approve of FTE and failing to approve of Champion's proposed contract is relevant in this case and evidence of such will not result in unfair prejudice or confusion. Therefore, to this extent, the Court denies this motion in limine.

**IX. Defendant's Sixth Motion in Limine Regarding the Policy Limit (Doc. No. 70, 86)**

Defendant filed a motion in limine to exclude all statements and evidence regarding the $150,000 policy limit. Defendant contends that the central issue in this case is the determination of the appropriate subsurface repair method to stabilize the foundation of the property. Therefore, Defendant argues that reference to the amount of the policy limit is irrelevant to the issue of the proper method of repair. Furthermore, Defendant argues that reference to the amount of the policy limit may be prejudicial and may lead to confusion of the jury, because it may distract the jury from its central determination.

Plaintiff responds that the amount of the policy limit is entirely relevant to the jury's consideration of the issue of whether Defendant acted reasonably or unreasonably in failing to approve the Champion contract. Specifically, Plaintiff intends to argue that because both Miller's repair estimate and the amount due under Champion's proposed contract exceeded the

policy limit, Defendant's liability under either repair method would have been the same, and such is evidence that Defendant acted unreasonably in failing to approve the Champion contract.

Upon consideration, the Court agrees with Plaintiff that the amount of the policy limit is relevant in this case and will not result in unfair prejudice or confusion. Therefore, the Court denies this motion in limine.

## X. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) Plaintiff's Motion in Limine Regarding the Champion Contract (Doc. No. 69) is **DENIED**.

(2) Defendant's Motion to Exclude Attorneys' Fees Prior to January 11, 2013 (Doc. No. 76) is **DENIED**.

(3) Defendant's First Motion in Limine (Doc. No. 75) is **GRANTED IN PART AND DENIED IN PART**.

(4) Defendant's Second Motion in Limine (Doc. No. 74) is **GRANTED**.

(5) Defendant's Third Motion in Limine (Doc. No. 73) is **DENIED**.

(6) Defendant's Fourth Motion in Limine (Doc. No. 72) is **DENIED**.

(7) Defendant's Fifth Motion in Limine (Doc. No. 71) is **GRANTED IN PART AND DENIED IN PART**.

(8) Defendant's Sixth Motion in Limine (Doc. No. 70) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 25th day of April, 2013.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record