UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIESER LUMPUY d/b/a
3LM Motorsports,

      Plaintiff,

v.                                    Case No.  8:11-cv-2455-T-24 MAP

SCOTTSDALE INSURANCE
COMPANY,

      Defendant.
_____/

**ORDER**

This cause comes before the Court on Plaintiff's Motion for Attorneys' Fees and to Tax Costs.[1]  (Doc. No. 148).  Defendant opposes the motion.[2]  (Doc. No. 169).  As explained below, the Court grants the motion in part.

**I.  Motion for Attorneys' Fees**

On September 13, 2011, Plaintiff brought a breach of contract action against his insurer regarding a sinkhole claim.  Plaintiff prevailed at trial and now moves for an award of attorneys' fees pursuant to Florida Statute § 626.9373[3] in the amount of $404,618.75.

---

[1]This Court has already awarded Plaintiff $6,059.60 in costs.  (Doc. No. 173).

[2]The Court notes that in support of its opposition, Defendant filed an unsigned affidavit from its attorneys' fee expert.  (Doc. No. 169-2).

[3]This statute provides: "Upon the rendition of a judgment or decree by any court of this state against a surplus lines insurer in favor of any named . . . insured . . ., the trial court . . . shall adjudge or decree against the insurer in favor of the insured . . . a reasonable sum as fees or compensation for the insured's . . . attorney prosecuting the lawsuit for which recovery is awarded."

The Florida Supreme Court has adopted the federal lodestar approach for determining reasonable attorneys' fees.  See Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145, 1146 (Fla. 1985).  Under the federal lodestar approach, the Court by multiplies the number of hours reasonably expended on the litigation times a reasonable hourly rate.  Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988)(citation omitted).  "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates."  Id. at 1303 (citation omitted).  Furthermore, in determining a reasonable attorneys' fee award, the Court should consider the following factors:

> (1) The time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly.  (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.  (3) The fee customarily charged in the locality for similar legal services.  (4) The amount involved and the results obtained.  (5) The time limitations imposed by the client or by the circumstances.  (6) The nature and length of the professional relationship with the client.  (7) The experience, reputation, and ability of the lawyer or lawyers performing the services. (8) Whether the fee is fixed or contingent.

Rowe, 472 So. 2d at 1150.

In response to Plaintiff's motion, Defendant makes seven objections.  Accordingly, the Court will address each objection.

**A.  Timing of Attorneys' Fees Award**

Defendant objects to awarding attorneys' fees unless and until Plaintiff prevails on appeal.  The Court, however, is not persuaded by this argument.

**B.  Pre-Suit Hours**

Next, Defendant argues that the eight hours expended by attorneys Robert Nipps and Joshua Burnett prior to filing suit are not compensable.  The case law on this issue is not entirely

clear, even within this Court.  This Court has stated that attorneys' fees for pre-suit legal work is

not recoverable under § 626.9373 and § 627.428.[4]  See Rowland v. Scottsdale Ins. Co., 2012 WL

882552, at *3-4 (M.D. Fla. Mar. 15, 2012)(questioning whether pre-suit attorneys' fees could be

awarded under § 626.9372); Kearney v. Auto-Owners Ins. Co., 2010 WL 3119380, at *8-9

(M.D. Fla. Aug. 4, 2010)(concluding that pre-suit attorneys' fees could not be awarded under

§ 627.428).   However, this Court has also stated that attorneys' fees are compensable "for pre-

suit work necessitated by an insurer's unreasonable conduct."  Wendell v. USAA Cas. Ins. Co.,

2009 WL 1971451, at *3 (M.D. Fla. July 8, 2009).  Regardless of which interpretation is correct

regarding the compensability of pre-suit legal work, reimbursement for pre-suit legal work is not

appropriate in this case.

        If this Court applies the more liberal standard of reimbursing for pre-suit work, no

reimbursement is warranted, because the work done pre-suit was not necessitated by Defendant's

unreasonable conduct.  Defendant's conduct became objectively unreasonable once the neutral

evaluator issued his report on April 4, 2012, in which he concluded that repairs would exceed the

available policy limit.  Given that Plaintiff filed suit on September 13, 2011, the Court agrees

that none of the eight hours of pre-suit work is compensable in this case.  As such, the Court

reduces Nipps' compensable hours by 2.6 and reduces Burnett's compensable hours by 5.4

hours.

        **C.  Unit Billing**

        Next, Defendant argues that Plaintiff improperly billed certain tasks (such as reviewing

documents, emailing, and proofreading) at set rates, and as such, Plaintiff's compensable hours

---

        [4]Section 627.428 is a sister statute to § 626.9373 regarding attorneys' fees for non-
surplus line insurers.

should be reduced by 5.6 hours.  Upon review, many of the disputed entries consist of tasks

being billed as taking .1 hours, to which Defendant seeks a reduction to .05 hours.  The Court

has reviewed the disputed entries and finds that a time reduction is not warranted.

### D.  Duplicative, Vague, and Clerical Entries

Next, Defendant argues that many of Plaintiff's billing entries are duplicative, vague,

improper, and/or clerical, and as a result, Defendant seeks to reduce Plaintiff's compensable

hours by more than 100 hours.  In calculating what hours were reasonably expended on

litigation, the Court should exclude excessive, unnecessary, and redundant hours.  See Norman,

836 F.2d at 1301, 1302 (citation omitted).  As explained below, Defendant's argument is, in

large part, rejected.

First, Defendant contends that Plaintiff improperly billed several tasks by attorneys that

should have been performed by a paralegal.  These tasks mainly consist of reviewing returns of

service, preparing correspondence, and preparing the first draft of the bill of costs.  The Court

has reviewed the billing records, and the Court will reduce attorney Matthew Wilson's hours by

a total of .4 for four entries in which he billed for preparing correspondence enclosing notices of

depositions on October 18th and 31st of 2012.

Second, Defendant contends that many of Plaintiff's billing entries are duplicative,

vague, and improper.  The Court has reviewed the billing records and concludes that Wilson's

hours will be reduced by 14.3 hours and Barbara Hernando's hours will be reduced by 1.9 hours,

as explained below:

| Date | Attorney | Task | Hours Claimed | Hours Allowed | Reduction in Hours | Reason |
|---|---|---|---|---|---|---|
| 11/17/11 | Wilson | research and respond to Order to Show Cause | 2.7 | 7 | 2 | Plaintiff's fault necessitated Order |
| 5/21/12 | Wilson | review file after learning Case Management Report ("CMR") not filed | .8 | .3 | .5 | CMR should have been timely filed |
| 5/22/12 | Wilson | review Order to Show Cause re CMR | .2 | 0 | .2 | CMR should have been timely filed |
| 5/22/12 | Wilson | Plaintiff's response to Order to Show Cause | 3.5 | 0 | 3.5 | Plaintiff's fault necessitated Order |
| 11/5/12 | Wilson | civil remedy notice | 4.5 | 0 | 4.5 | bad faith issues are premature |
| 11/8/12 | Wilson | civil remedy notice | .1 | 0 | .1 | bad faith issues are premature |
| 12/17/12 | Wilson | prepare motion for leave to file supplemental complaint | 4.5 | 2 | 2.5 | excessive |
| 12/27/12 | Wilson | civil remedy notice | .3 | 0 | .3 | bad faith issues are premature |
| 1/28/12 & 1/29/12 | Hernando | research and prepare motion for leave to file a reply | 2.5 | .6 | 1.9 | excessive |
| 1/29/13 | Wilson | proofread motion for leave to file a reply | 1 | .3 | .7 | excessive |

**E.  Hourly Rates**

Next, Defendant argues that the hourly rates charged by the attorneys in this case is unreasonable, and instead, all of the attorneys should have their rates reduced to $150 per hour. While a reduction in some of the hourly rates of the attorneys in this case is warranted, Defendant's argument that a $150 hourly rate is appropriate is disingenuous at best.

A reasonable hourly rate is based upon "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Id. at 1299 (citations omitted).   An applicant may meet its burden of establishing a reasonably hourly rate by setting forth direct evidence of rates charged under similar circumstances or submitting opinion evidence of reasonable rates.  See id.  In addition, the Court may use its own expertise and judgment to make an appropriate independent assessment of the reasonable value of an attorney's services.  See id. at 1304.

Seven attorneys worked on this case.  Matthew Wilson was lead trial counsel in this case. He has been practicing since 1996 and is AV rated.  Based on the evidence before the Court and the Court's own experience, the Court concludes that his requested rate of $425 per hour is reasonable.

Joshua Burnett has also been practicing since 1996 and is AV rated.  Based on the evidence before the Court and the Court's own experience, the Court concludes that his requested rate of $425 per hour is reasonable.

Jed Thomas has also been practicing since 1996 and is AV rated.  Based on the evidence before the Court and the Court's own experience, the Court concludes that his requested rate of $425 per hour is reasonable.

Ken Thomas has been practicing since 2002.  Based on the evidence before the Court and the Court's own experience, the Court concludes that his requested rate of $425 per hour should be reduced and that an hourly rate of $350 is reasonable.

Robert Nipps has been practicing since 2004.  Based on the evidence before the Court and the Court's own experience, the Court concludes that his requested rate of $425 per hour should be reduced and that an hourly rate of $325 is reasonable.

Joshua Zudar has been practicing since 2008.  Based on the evidence before the Court and the Court's own experience, the Court concludes that his requested rate of $250 per hour is reasonable.

Barbara Hernando has been practicing since 2011.  Based on the evidence before the Court and the Court's own experience, the Court concludes that her requested rate of $250 per hour is reasonable.

### F.  Lodestar and Multiplier

As previously stated, under the lodestar approach, the Court multiplies the number of hours reasonably expended on the litigation times a reasonable hourly rate.  In this case, the lodestar figure is calculated as follows:

| Attorney | Hourly Rate | Reasonable Hours | Lodestar Amount |
|----------|-------------|------------------|-----------------|
| Wilson | $425 | 286.5 | $121,762.50 |
| Burnett | $425 | 2.2 | $935 |
| J. Thomas | $425 | 15.6 | $6,630 |
| K. Thomas | $350 | 6.7 | $2,345 |
| Nipps | $325 | 2 | $650 |
| Zudar | $250 | 6.4 | $1,600 |
| Hernando | $250 | 68.4 | $17,100 |
|  |  | **TOTAL** | **$151,022.50** |

Plaintiff contends that because his counsel accepted this case on a contingency fee basis, and because his chances of success at the outset were less than 50%, he should be awarded a contingent fee multiplier in this case of 2.5. The Florida Supreme Court has stated the following regarding the contingency fee multiplier in contract cases:

> [The] court should consider the following factors in determining whether a multiplier is necessary: (1) whether the relevant market requires a contingency fee multiplier to obtain competent counsel; (2) whether the attorney was able to mitigate the risk of nonpayment in any way; and (3) whether any of the factors set forth in Rowe are applicable, especially, the amount involved, the results obtained, and the type of fee arrangement between the attorney and his client. Evidence of these factors must be presented to justify the utilization of a multiplier. We find that the multiplier is still a useful tool which can assist trial courts in determining a reasonable fee in this category of cases when a risk of nonpayment is established. However, we find that the multiplier in Rowe should be modified as follows: If the trial court determines that success was more likely than not at the outset, it may apply a multiplier of 1 to 1.5; if the trial court determines that the likelihood of success was approximately even at the outset, the trial judge may apply a multiplier of 1.5 to 2.0; and if the trial court determines that success was unlikely at the outset of the case, it may apply a multiplier of 2.0 to 2.5.

Standard Guaranty Ins. Co. v. Quanstrom, 555 So. 2d 828, 834 (Fla. 1990).

Upon consideration of the relevant factors and of the evidence presented, the Court concludes that a contingency fee multiplier is not warranted. The Court is not persuaded by Plaintiff's contention that no law firm would accept a confirmed sinkhole case, let alone a surplus lines confirmed sinkhole case, without the possibility of a contingency fee multiplier. Furthermore, the Court is not persuaded by Plaintiff's contention that his chances of success at the outset were less than 50%. While the Court acknowledges that Plaintiff's counsel obtained excellent results and that there was little case law on the precise subject matter of this case, the Court concludes that the loadstar method provides a reasonable attorneys' fee award in this case and that a contingency fee multiplier is not warranted. Accordingly, the Court awards Plaintiff $151,022.50 in attorneys' fees. The Court concludes that this amount reflects the nature of the risk undertaken by the attorneys in this case.

### G. Prejudgment and Post-Judgment Interest

Plaintiff requests an award of prejudgement and post-judgment interest on the attorneys' fee award, with interest beginning to accrue as of April 25, 2013 at 4.75%. Defendant does not oppose this request.

## II. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1)     Plaintiff's Motion for Attorneys' Fees and to Tax Costs (Doc. No. 148) is

**GRANTED to the extent that** the Court awards Plaintiff $151,022.50 in

attorneys' fees, with prejudgment and post-judgment interest accruing as of April

25, 2013 at the statutory rates.

(2)    The Clerk is directed to amend the Second Amended Judgment (Doc. No. 154) to

add that Plaintiff is awarded $6,059.60 in costs and $151,022.50 in attorneys'

fees.  Prejudgment interest and post-judgment interest shall accrue on the

attorneys' fee award as of April 25, 2013 at the statutory rates.

**DONE AND ORDERED** at Tampa, Florida, this 29th day of August, 2013.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record