UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIESER LUMPUY d/b/a
3LM Motorsports,

      Plaintiff,

v.                                      Case No.  8:11-cv-2455-T-24 MAP

SCOTTSDALE INSURANCE
COMPANY,

      Defendant.
_____/

**ORDER**

This cause comes before the Court on Plaintiff's Motion for Attorneys' Fees. (Doc. No. 190). Defendant opposes the motion as to the amount of fees, but not as to Plaintiff's entitlement to fees. (Doc. No. 197). As explained below, the Court grants the motion in part.

**I. Motion for Attorneys' Fees**

On September 13, 2011, Plaintiff brought a breach of contract action against his insurer regarding a sinkhole claim. Plaintiff prevailed at trial, and Defendant appealed. The Eleventh Circuit affirmed, with no substantive analysis of the issues raised on appeal. (Doc. No. 185). Thereafter, the Eleventh Circuit transferred the issue of appellate attorneys' fees to this Court. (Doc. No. 189). Defendant does not dispute Plaintiff's entitlement to appellate attorneys' fees; however, the parties dispute the amount of attorneys' fees that Plaintiff should be awarded.

The Florida Supreme Court has adopted the federal lodestar approach for determining reasonable attorneys' fees. See Florida Patient's Compensation Fund v. Rowe, 472 So. 2d 1145, 1146 (Fla. 1985). Under the federal lodestar approach, the Court multiplies the number of hours reasonably expended on the litigation times a reasonable hourly rate. Norman v. Hous. Auth. of

City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988)(citation omitted). "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Id. at 1303 (citation omitted). Furthermore, in determining a reasonable attorneys' fee award, the Court should consider the following factors:

> (1) The time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly. (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer. (3) The fee customarily charged in the locality for similar legal services. (4) The amount involved and the results obtained. (5) The time limitations imposed by the client or by the circumstances. (6) The nature and length of the professional relationship with the client. (7) The experience, reputation, and ability of the lawyer or lawyers performing the services. (8) Whether the fee is fixed or contingent.

Rowe, 472 So. 2d at 1150.

Plaintiff's appellate counsel seeks the following attorneys' fees: Plaintiff seeks an attorneys' fee award for the work of George Vaka, Esq. at a rate of $500 to $600 per hour for 65.3 hours of work. Plaintiff seeks an attorneys' fee award for the work of Nancy Lauten, Esq. at a rate of $450 to $550 per hour for 157.8 hours of work. Additionally, Plaintiff seeks a contingency multiplier of 1.5 to 2.

In response to Plaintiff's motion, Defendant objects to the hourly rates of Plaintiff's appellate counsel, the amount of hours they expended, and whether a multiplier should be applied. Accordingly, the Court will address each objection.

**A. Reasonable Hourly Rates**

Plaintiff seeks an attorneys' fee award at the following hourly rates: (1) George Vaka, Esq. at a rate of $500 to $600 per hour, and (2) Nancy Lauten, Esq. at a rate of $450 to $550 per

hour.  Defendant argues that the hourly rates sought by these attorneys is unreasonable, and instead, both of the attorneys should have their rates reduced to $425 per hour.

A reasonable hourly rate is based upon "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  <u>Norman</u>, 836 F.2d at 1299 (citations omitted).  An applicant may meet its burden of establishing a reasonably hourly rate by setting forth direct evidence of rates charged under similar circumstances or submitting opinion evidence of reasonable rates.  <u>See</u> <u>id.</u>  In addition, the Court may use its own expertise and judgment to make an appropriate independent assessment of the reasonable value of an attorney's services.  <u>See</u> <u>id.</u> at 1304.

George Vaka has been a Florida attorney for over 30 years, and he is AV-Preeminent rated.  Based on the evidence before the Court and the Court's own experience, the Court concludes that his requested rate of $500 per hour is reasonable.

Nancy Lauten has been a Florida attorney for 29 years, and she was a board certified appellate lawyer for ten years.  Based on the evidence before the Court and the Court's own experience, the Court concludes that her requested rate of $450 per hour is reasonable.

**B.  Reasonable Hours Expended**

Plaintiff seeks reimbursement for 65.3 hours of work done by George Vaka, Esq. and 157.8 hours of work done by Nancy Lauten, Esq.  Defendant argues for a reduction of a total of 93.9 hours, arguing that such hours are not reasonable.  Defendant has identified the specific billing entries and the reasons for its objections.  (Doc. No. 197-2).

Defendant argues that Plaintiff's appellate counsel has used unit billing (billing certain tasks at a predetermined amount instead of the actual time spent), which results in excessive time

entries. The Court has reviewed Defendant's specific objections and has made reductions where warranted.

Next, Defendant points out that the attorneys engaged in a lot of duplicative billing, where both attorneys billed for doing the same work. The Court agrees that there were many entries of duplicative billing, and the Court has made reductions where warranted. However, the Court did not reduce the "duplicative" billing entries directly related to reviewing and responding to briefs, because the Court concludes that the combined total number of hours spent on those tasks were reasonable.

Accordingly, the Court has reviewed Defendant's objections to the hours expended through October 23, 2014—the date that the Eleventh Circuit issued its mandate. As explained in the chart attached to this order, the Court reduces Nancy Lauten, Esq.'s hours by 2.5 hours and George Vaka, Esq.'s hours by 6.3 hours.

With respect to the 41.8 hours billed after the Eleventh Circuit's mandate was issued, Defendant argues that all but .2 of those hours were spent litigating the amount of the attorneys' fee award, because Defendant conceded entitlement as of September 23, 2014—the date that the Eleventh Circuit issued its order affirming this Court. To support this contention, Defendant submitted an affidavit that there was no dispute as to entitlement, as well as an email showing that it asked for Plaintiff's hourly rate and hours expended on the appeal on October 3, 2014. (Doc. No. 197-1). While Plaintiff argues that entitlement was disputed, the evidence before the Court belies that argument.[1]

---

[1] Even if entitlement was disputed, it is extremely clear that Plaintiff is entitled to appellate attorneys' fees under Florida Statute § 626.9373, and therefore, billing any significant amount of hours on the issue of entitlement would likely be excessive and unreasonable.

Given that the Court concludes that 41.6 of the hours billed after the Eleventh Circuit's mandate related to the amount of, rather than entitlement to, an award of attorneys' fees, the Court concludes that those hours are not recoverable. See State Farm Fire & Cas. Co. v. Palma, 629 So. 2d 830, 832-33 (Fla. 1993)(stating that if an insurer contests *entitlement* to attorneys' fees, the hours expended litigating that issue are recoverable, but time spent litigating the *amount* of attorneys' fees is not recoverable).[2] Accordingly, the Court reduces Nancy Lauten, Esq.'s hours by 26.9 hours and George Vaka, Esq.'s hours by 14.7 hours for time spent litigating the amount of attorneys' fees.

Based on the above, the Court concludes that the amount of hours reasonably expended by George Vaka, Esq. is 44.3 hours, and the amount of hours reasonably expended by Nancy Lauten, Esq. is 128.4. Accordingly, those hours will be used in computing the lodestar amount.

### C. Lodestar and Multiplier

As previously stated, under the lodestar approach, the Court multiplies the number of hours reasonably expended on the litigation times a reasonable hourly rate. In this case, the lodestar figure is calculated as follows:

| **Attorney** | **Hourly Rate** | **Reasonable Hours** | **Lodestar Amount** |
|---|---|---|---|
| George Vaka, Esq. | $500 | 44.3 | $22,150 |
| Nancy Lauten, Esq. | $450 | 128.4 | $57,780 |
| | | **TOTAL** | **$79,930** |

---

[2] This Court notes that the Palma court addressed attorneys' fees under § 627.428 and the instant case involves attorneys' fees under § 626.9373. However, those two statutes are nearly identical, except that § 626.9373 applies to surplus line insurance carries.

Plaintiff contends that because his appellate counsel accepted this case on a contingency fee basis (and his appellate counsel stated in their agreement that counsel would not have taken this case if it were not for the ability to obtain an enhanced fee), and because his chances of success at the outset were less than 50%, he should be awarded a contingent fee multiplier in this case of 1.5 to 2. Defendant disputes that a multiplier is warranted.

The Florida Supreme Court has stated the following regarding the contingency fee multiplier in contract cases:

> [The] court should consider the following factors in determining whether a multiplier is necessary: (1) whether the relevant market requires a contingency fee multiplier to obtain competent counsel; (2) whether the attorney was able to mitigate the risk of nonpayment in any way; and (3) whether any of the factors set forth in Rowe are applicable, especially, the amount involved, the results obtained, and the type of fee arrangement between the attorney and his client. Evidence of these factors must be presented to justify the utilization of a multiplier. We find that the multiplier is still a useful tool which can assist trial courts in determining a reasonable fee in this category of cases when a risk of nonpayment is established. However, we find that the multiplier in Rowe should be modified as follows: If the trial court determines that success was more likely than not at the outset, it may apply a multiplier of 1 to 1.5; if the trial court determines that the likelihood of success was approximately even at the outset, the trial judge may apply a multiplier of 1.5 to 2.0; and if the trial court determines that success was unlikely at the outset of the case, it may apply a multiplier of 2.0 to 2.5.

Standard Guaranty Ins. Co. v. Quanstrom, 555 So. 2d 828, 834 (Fla. 1990).

Upon consideration of the relevant factors and of the evidence presented, the Court concludes that a contingency fee multiplier is not warranted. The Court is not persuaded by Plaintiff's contention that without an enhancement, Plaintiff would have faced substantial difficulties obtaining competent counsel in the relevant market. Furthermore, the Court is not persuaded by Plaintiff's contention that his chances of success on appeal were even at best.

Accordingly, the Court awards Plaintiff $79,930 in attorneys' fees. The Court concludes that this amount reflects the nature of the risk undertaken by the appellate attorneys in this case.

### D. Prejudgment Interest

Plaintiff requests an award of prejudgement interest, with interest beginning to accrue as of the date that entitlement was determined. The Court has concluded that entitlement was determined on September 23, 2014—the date that the Eleventh Circuit issued its order affirming this Court. Accordingly, the Court awards prejudgment interest at the statutory rate as of September 23, 2014.

## II. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Plaintiff's Motion for Attorneys' Fees (Doc. No. 190) is **GRANTED to the extent that** the Court awards Plaintiff $79,930.00 in appellate attorneys' fees, with prejudgment interest accruing as of September 23, 2014 at the statutory rate.

(2) The Clerk is directed to amend the Third Amended Judgment (Doc. No. 177) to add that Plaintiff is awarded $79,930.00 in appellate attorneys' fees, with prejudgment interest accruing as of September 23, 2014 at the statutory rate.

**DONE AND ORDERED** at Tampa, Florida, this 15th day of April, 2015.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge